No. 751

TAYLOR v. BAUMAN

Ohio Appeals, 6th District. Erie County
No. 184. Decided Sept. 26, 1923

This opinion has not been published except in Abstract.

166. ERROR.

Where verdict is against weight of evidence, case must be remanded.

RICHARDS, J.

Epitomized Opinion

Bauman was struck by an automobile while crossing the street in the village of Castalia and severely injured. The evidence disclosed that Taylor was driving his machine from Sandusky to Lima and at the time of the accident was passing through Castalia. Many machines were parked along both sides of the street, which obstructed the plaintiff's view in crossing from one side of the street to the other. The accident did not occur at a cross-walk and there was nothing in the record to show whether Bauman looked before stepping out from behind the machines. The evidence was in conflict as to the speed which Taylor was traveling at the time he struck Bauman. The defendant's automobile was only a few feet away at the time Bauman stepped into the highway. The jury returned a verdict in favor of the plaintiff in the sum of $3,000, whereupon error was prosecuted to the Court of Appeals. In reversing the judgment, it was held:

1. As the verdict and judgment were contrary to the manifest weight of the evidence the case must be reversed and remanded for re-trial.

Attorneys—J. F. Hertlein and E. H. Peeke, for Taylor; W. L. Fiesinger for Bauman.

---

No. 752

GEARHEART v. DRIVERS' INDEMNITY CO.

Ohio Appeals, Franklin County
No. 980. Sept. 20, 1923

This opinion has not been published except in Abstract

227-1. JURISDICTION.

Court of Appeals has to liquidate affairs of a company, and make assessment to pay its debts.

ALLREAD, J.

Epitomized Opinion

An original action in this court under 634-2 GC et seq. to forfeit the franchise and revoke the license of defendant as an insurance corporation. A decree of ouster as prayed for was entered. In the course of liquidation an assessment was ordered against the members of the corporation to meet the debt of the company. Bevis, a policy holder, filed a motion to dismiss the action for want of jurisdiction. Held:

By the state constitution this court has jurisdiction in quo warranto. After rendering the judgment of ouster this court had full jurisdiction to liquidate the affairs of the company and to provide for assessments to meet its debts. Motion overruled.

Attorneys—C. C. Crabbe, Attorney General, and C. S. Younger, for plaintiff; Howard L. Bevis and Clarence Smith, for defendant.

---

No. 753

DELVENTHAL v. ROSS, Rec.

Ohio Appeals, 3rd District, Henry County
No. 121. Decided May 4, 1923

This opinion has not been published except in Abstract

268. NEGLIGENCE.

Joint enterprise is usually a question of fact for the jury.

CROW, J.

Epitomized Opinion

This is an action for personal injuries. Plaintiff, a minor, was an invited guest of his brother on a journey which took them over the defendant's railroad. The evidence disclosed that the brother, who owned and drove the car, told the brother to look to the right if any trains were coming, and he, the brother, would look to the left. Plaintiff then looked to the right, and also to the left, and saw a train coming from the left a short distance away. He apprised his brother of this fact, but the train was upon them before his brother could stop. Plaintiff's brother was killed in the collision. The accident happened in the day time and there was a clear and unobstructed view of the approaching train. The evidence tended to prove the negligence of the R. R. Company, which plaintiff claims was the proximate cause of the injury. The trial judge directed a verdict for the defendant on the ground that the plaintiff was engaged in the joint enterprise of driving the car and that the negligence of the brother was attributable to plaintiff. In reversing the judgment of the lower court, the Court of Appeals held:

1. The trial court committed reversible error in holding that the conversation between the two brothers as they approached the crossing proved as a matter of law that they were engaged in a joint enterprise, as reasonable minds might reach opposite conclusions on this question.

Attorneys—Donovan & Donovan, for Delventhal; Brown, Geddes, Schmettau & Williams, W. W. Campbell, for Ross, Receiver.